# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MANUEL LUNA** | * | **CIVIL ACTION NO.: 3:18-cv-530** |
| | * | |
| | * | |
| **VERSUS** | * | **JUDGE: SHELLY D. DICK** |
| | * | |
| **DEBUSK SERVICES GROUP, LLP,** | * | |
| **d/b/a USA DEBUSK, LLC, and XYZ** | * | **MAGISTRATE:** |
| **INSURANCE COMPANY** | * | **ERIN WILDER-DOOMES** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# **ANSWER**

**NOW INTO COURT**, through undersigned counsel, comes defendant, USA DEBUSK, LLC f/k/a DEBUSK SERVICES GROUP, LLC (herein after "Defendant" or "DEBUSK"), who, in response to Plaintiff's Petition for Damages, denies each and every allegation contained therein except such as may be hereinafter specifically admitted. Further, Defendant respectfully represents the following:

### *FIRST DEFENSE*

Plaintiff's Petition for Damages fails to state a claim upon which relief can be granted because there are insufficient factual allegations showing that Defendant violated any of Plaintiff's rights under the Americans with Disabilities Act, 42 U.S.C. §12101 et seq.

## SECOND DEFENSE

Some of the claims set forth in Plaintiff's Petition for Damages have prescribed, in whole or in part, by the applicable statute of limitations and/or prescription.

## THIRD DEFENSE

Plaintiff contributed to his own injuries and/or damages through his own intentional and/or negligent acts and/or failure to conduct himself in a reasonable manner.

## FOURTH DEFENSE

The damages of which the Plaintiff complains in this matter were caused through the fault and/or neglect of a party or parties for whom Defendant has no responsibility.

## FIFTH DEFENSE

All actions taken by the Defendant were taken in good faith, under the law, with probable cause, and without malice.

## SIXTH DEFENSE

Defendant shows that Plaintiff is not entitled to recover against it because Defendant has a legitimate, non-discriminatory reason for all employment actions taken with respect to Plaintiff.

## SEVENTH DEFENSE

Plaintiff's alleged disability does not meet with the definition contained in the Americans with Disabilities Act, 42 U.S.C. §12101, et seq.

### EIGHTH DEFENSE

The Plaintiff was not a "qualified individual" who could perform the essential functions of his employment position such that he cannot recover in this claim. (42 U.S.C. §1211(8).)

### NINTH DEFENSE

The Plaintiff did not request reasonable accommodation after suffering an L1 "burst fracture" or after his lumbar surgery.

### TENTH DEFENSE

Even had Defendant been notified that Mr. Luna could have returned to work on light duty (which it was not), Defendant had no such position available.

### ELEVENTH DEFENSE

Plaintiff had no available leave after his accident and did not show for work on successive days such that termination was proper in an "at will" state.

### TWELFTH DEFENSE

Plaintiff was encouraged to re-apply with Defendant when medically able, but chose not to do so, in a possible failure to mitigate his alleged damages, which damages are denied.

*********************

AND NOW, answering each paragraph of Plaintiff's Petition for Damages, Defendant avers:

1.

Defendant is without sufficient information to admit or deny the allegations in paragraph 1 of Plaintiff's Petition for Damages (the "Petition") and therefore denies the same.

2.

With respect to Paragraph 2 of the Petition, Defendant admits that it has an office in Geismar, Louisiana, and that in provides industrial cleaning services. Defendant denies all other allegations in Paragraph 2 of the Petition.

3.

With respect to Paragraph 3 of the Petition, Defendant denies that it engaged in any discriminatory actions. Defendant denies that Louisiana State Court is the proper forum for Plaintiff's claims asserted under the Americans with Disabilities Act, 42 U.S.C. Sec 12181 et seq. (the "ADA").

4.

With respect to Paragraph 4 of the Petition, Defendant denies that it violated the ADA. Defendant denies that Louisiana State Court is the proper forum for Plaintiff's claims.

5.

With respect to Paragraph 5 of the Petition, Defendant denies that Plaintiff has a disability within the meaning of the ADA. Defendant admits the remaining allegations in the introductory subsection of Paragraph 5 of the Petition that Plaintiff was employed by Defendant and was involved in an automobile accident unrelated to his employment.

- a) Defendant admits the allegations in subsection a) in Paragraph 5 of the Petition.
- b) With respect to subsection b) in Paragraph 5 of the Petition, Defendant admits that Plaintiff was in a non-work related auto accident, but Defendant is unaware of the precise injuries, interventions and treatments required other than that his injuries were so severe that his physician reported that Plaintiff was unable to do any work of any type for at least six months. Otherwise, Defendant denies the allegations in Paragraph 5 of the Petition.
- c) Defendant denies the allegations in subsection c) in Paragraph 5 of the Petition;

d) Defendant denies the allegations in subsection d) in Paragraph 5 of the Petition;

e) Defendant denies the allegations in the first sentence of subsection e) in Paragraph 5 of the Petition and admits the allegations in the second sentence therein;

f) Defendant admits the allegations in subsection f) in Paragraph 5 of the Petition.

g) Defendant admits the allegations in subsection g) in Paragraph 5 of the Petition.

h) Defendant admits the allegations in subsection h) in Paragraph 5 of the Petition.

i) Defendant admits that Plaintiff was in a severe auto accident on March 4, 2018. Defendant denies the remaining allegations in subsection i) in Paragraph 5 of the Petition.

j) Defendant denies the allegations in subsection j) in Paragraph 5 of the Petition.

k) With respect to in subsection k) in Paragraph 5 of the Petition, Defendant admits that Plaintiff was terminated, but denies the remainder of the allegations therein;

l) Defendant denies the allegations in subsection l) in Paragraph 5 of the Petition.

6.

With respect the allegations in Paragraph 6 of the Petition, Defendant incorporates its admissions and denials of paragraphs 1 through 5 of the Petition and defenses as set forth above.

7.

Defendant denies the allegations in Paragraph 7 of the Petition.

8.

Defendant denies the allegations in Paragraph 8 of the Petition.

9.

Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 9 of the Petition and its subparts.

10.

Defendant prays for and is entitled to a trial by jury.

**WHEREFORE**, premises considered, it is respectfully submitted that defendant, USA DEBUSK, LLC f/k/a DEBUSK SERVICES GROUP, LLC, prays this Answer to Petition be deemed good and sufficient, and after all legal delays have been had, there be judgment rendered in favor of defendant rejecting Plaintiff's demand at Plaintiff's costs.

Defendant further prays that this matter in its entirety be tried by jury.

        Respectfully Submitted,

        **KEOGH, COX & WILSON, LTD.**

By:   s/Andrew Blanchfield
      ANDREW BLANCHFIELD, T.A. (Bar Roll #16812)
      Email: ablanchfield@keoghcox.com
      COLLIN J. LEBLANC (Bar Roll #24519)
      Email: cleblanc@keoghcox.com
      BRIAN BUTLER (Bar Roll #17499)
      Email: bbutler@keoghcox.com
      701 Main Street (70802)
      Post Office Box 1151
      Baton Rouge, Louisiana 70821
      Telephone: (225) 383-3796
      Facsimile: (225) 343-9612
      *Attorneys for Debusk Services Group, LLC, d/b/a USA Debusk, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court by utilizing the CM/ECF system, and a copy of the above and foregoing was this day forwarded by the Court's ECF Delivery System to all counsel of record Baton Rouge, Louisiana, this 15th day of May, 2018.

s/Andrew Blanchfield
ANDREW BLANCHFIELD
COLLIN J. LeBLANC
BRIAN T. BUTLER
