# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MANUEL LUNA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-530-SDD-EWD** |
| **DEBUSK SERVICES GROUP, LLP,**<br>**d/b/a USA DEBUSK, LLC, AND**<br>**XYZ INSURANCE COMPANY** | |

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 24, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

MANUEL LUNA                                CIVIL ACTION

VERSUS                                     NO. 18-530-SDD-EWD

DEBUSK SERVICES GROUP, LLP,
d/b/a USA DEBUSK, LLC, AND
XYZ INSURANCE COMPANY

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Before the court is Plaintiff Manual Luna's ("Plaintiff") Motion for Remand (the "Motion").[1] The motion is opposed by Defendant, USA Debusk, LLC f/k/a Debusk Services Groups, LLC ("Defendant").[2] For the reasons set forth herein, the undersigned **RECOMMENDS**[3] that the Motion[4] be **DENIED**.

## I.    Facts and Procedural Background

On or about April 9, 2018, Plaintiff filed his Petition for Damages ("Petition") in the Twenty-Third Judicial District Court for the Parish of Ascension.[5]  In the Petition, Plaintiff specifically alleges that he "sues the Defendant…for attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. ('ADA')," and that the complained-of actions "arise from the Defendant's violations of Title III of the Americans with

---

[1] R. Doc. 4.
[2] R. Doc. 6.  Plaintiff originally asserted his claims against "Debusk Services Group, LLP d/b/a USA Debusk, LLC." Plaintiff also named "XYZ Insurance Company," an entity which has not been identified in these proceedings.  R. Doc. 1-4, p. 2.
[3] The Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review."  *Davidson v. Georgia-Pacific, L.L.C.*, No. 14-30925, 819 F.3d 758, 765 (5th Cir. 2016).
[4] R. Doc. 4.
[5] R. Doc. 1-4.

Disabilities Act, 42 U.S.C. § 12181 *et seq.*"[6]  Plaintiff alleges that he was hired by Defendant on July 25, 2016 as a technician supervisor and crew leader. According to Plaintiff, the position requires walking, standing, lifting, operating heavy equipment and sitting for hours at a time as well as assisting with cleaning and other tasks.[7]  On March 4, 2017, Plaintiff was injured in a "severe car accident" where he sustained injuries to several areas of his body and which required multiple medical procedures and surgeries.[8]  Plaintiff avers he is a "qualified individual with a disability," and Defendant is a "person," "employer," and/or "covered entity" who is engaging in an "industry affecting commerce" all within the meaning of the provisions of the ADA.[9]

Following his accident, Plaintiff alleges that he could perform the essential functions of his job with reasonable accommodations.  Plaintiff claims he requested medical leave and reasonable accommodations from Defendant to assist him in the performance of his duties upon his release to work, including reassignment to a position that conformed to his light duty medical restrictions. Plaintiff asserts Defendant had allegedly provided such accommodations to other injured employees in the past.[10]  However, rather than comply with Plaintiff's requests, Defendant terminated him on "March 14, 2077 (sic)" and filled his former position.[11]  Plaintiff alleges that Defendant's failure to provide Plaintiff with reasonable accommodations and its decision to terminate him are violative of the ADA.[12]

---

[6] R. Doc. 1-4, introductory paragraph and ¶ 4.
[7] R. Doc. 1-4, ¶ 5.
[8] R. Doc. 1-4, ¶ 5 (b).
[9] R. Doc. 1-4, ¶¶ 5 (d)-(h).
[10] R. Doc. 1-4, ¶¶ 5 (c), (i) – (l).
[11] R. Doc. 1-4, ¶¶ 5 (k) – (l).
[12] R. Doc. 1-4, ¶¶ 7-8.

On May 8, 2018, Defendant removed this matter on the basis of federal question jurisdiction under 28 U.S.C. § 1331 because of Plaintiff's claims under the ADA.[13]  However, on May 29, 2018, Plaintiff filed the instant Motion seeking remand, which Defendant opposes.[14]

## II.     Arguments of the Parties

In the Motion, Plaintiff alleges that, despite his claims against Defendant for wrongful termination and denial of accommodation under the ADA, this Court lacks subject matter jurisdiction over this action.[15]  In support of this contention, Plaintiff generally argues that federal courts are courts of limited jurisdiction, and any doubts about the propriety of removal should be resolved in favor of remand.   Plaintiff also generally cites authority that holds that the presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction, and also holds that, if a plaintiff can maintain his claim on both state and federal grounds, he may ignore the federal question and assert only a state law claim to defeat removal.[16]  Next, according to Plaintiff, this Court should remand this matter in deference to Plaintiff's choice of state court forum, which has concurrent jurisdiction over his ADA claims.[17]   Lastly, Plaintiff claims that he only identified federal statutes and regulations for the purpose of establishing standards of conduct applicable to Defendant.  His reference to the ADA in his Petition, which "create[s] standards of conduct for state common law claims" does not confer federal question jurisdiction when the state court maintains concurrent jurisdiction.[18]

In its Memorandum in Opposition to Plaintiff's Motion to Remand ("Opposition"), Defendants refute that Plaintiff merely "referenced" the ADA.  Rather, Plaintiff's Petition clearly

---

[13] R. Doc. 1, ¶¶ 5-6.
[14] R. Docs. 4 and 6.
[15] R. Doc. 4, p. 2.
[16] R. Doc. 4-1, p. 2.
[17] R. Doc. 4-1, pp. 2-3.
[18] R. Doc. 4-1, pp. 6-7.

shows that Plaintiff exclusively seeks recovery pursuant to the ADA.[19]  Specifically, Plaintiff

claims he is bringing suit under the ADA, Defendant is an entity under the ADA, Plaintiff is

covered by the ADA, his accident-related injury is a "disability" under the ADA, and Defendant's

actions constitute a breach of the ADA.[20]  Further, Plaintiff seeks damages only available under

the ADA, including punitive damages and attorney's fees,[21] and has not asserted state law rights

to relief in his Petition.  Defendant contends that its position is bolstered by the fact that Plaintiff

also filed a charge of discrimination with the Equal Employment Opportunity Commission,

wherein Plaintiff similarly alleged an ADA violation.[22]  Defendant argues that the state court's

concurrent jurisdiction does not deprive this Court of jurisdiction, which this Court clearly has

pursuant to 28 U.S.C. § 1331 because the Plaintiff's claim for relief, in his own words, is expressly

brought pursuant to the ADA.[23]  Thus, Defendant properly removed this matter to this Court.

## III.    Law and Analysis

### A.  Legal Standards

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized

by Constitution and statute, which is not to be expanded by judicial decree."[24]  Federal courts have

original jurisdiction in all civil matters arising under federal law.  *See* 28 U.S.C. § 1331.  A

defendant may remove "any civil action brought in a State court of which the district courts of the

---

[19] R. Doc. 6, pp. 1-2.  Defendant denies violating the ADA, and claims that Plaintiff, whose injury was not job-related, was employed less than a year and therefore had no available leave, either under the Family and Medical Leave Act or otherwise.  After his accident, Plaintiff could not perform the core functions of his job and Defendant had no other position in which to transfer him. Therefore, Plaintiff was terminated; however, he was invited to re-apply for his position once he was cleared to return to work and able to perform the core functions of the position.  R. Doc. 6, p. 4.

[20] R. Doc. 6, p. 4.

[21] R. Doc. 6, p. 4.

[22] *Id.*

[23] R. Doc. 6, pp. 5-6.

[24] *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed. 2d 391 (1994) (internal citations omitted).

United States have original jurisdiction."[25]   The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[26] The removing party has the burden of proving federal question jurisdiction.[27]   A federal question exists "if there appears on the face of the complaint some substantial, disputed question of federal law."[28]

Whether a case is removable upon the basis of federal question jurisdiction is to be determined by the allegations of the plaintiff's "well-pleaded complaint" as of the time of removal.[29]  Because the plaintiff is the master of his complaint, even where both federal and state remedies are available on a given set of facts, there will be no basis for removal on federal question jurisdiction if the plaintiff elects in the state court petition to proceed exclusively under state law.[30] That federal law may provide a defense to a state law claim is insufficient to establish federal question jurisdiction.[31]   Remand is proper if at any time the court lacks subject matter jurisdiction.[32]

The Notice of Removal asserts that the Court has federal question jurisdiction over this action because Plaintiff's "claim is being brought under the Americans with Disabilities Act, 42 U.S.C. § 12181 ('ADA')," and "it is a civil action for damages under the ADA."[33]  The Court will, therefore, consider whether the allegations in the original Petition support federal question jurisdiction in this action.

---

[25] 28 U.S.C. § 1441(a).
[26] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).
[27] *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).
[28] *In re Hot–Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (*quoting Carpenter v. Wichita Falls Independent School Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)).
[29] *See Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 680 (5th Cir. 2001).
[30] *Avitts v. Amoco Production Co.*, 53 F.3d 690, 693 (5th Cir. 1995).
[31] *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393, 107 S.Ct. 2425, 96 L.Ed. 2d 318 (1987); *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 328-29 (5th Cir. 2008).
[32] *See* 28 U.S.C. § 1447(c).
[33] R. Doc. 1, ¶¶ 5-6.

**B.  Federal Question Jurisdiction Exists**

In the Motion, Plaintiff alleges that he only referenced the ADA because it provides the standards supporting his "state common law" claims.[34]  After review of the pleadings, however, it is clear that Plaintiff's Petition asserts rights to relief under, and damages pursuant to, the ADA.  In the very first paragraph, Plaintiff asserts his cause of action thusly:  "Plaintiff...hereby sues the Defendant....for attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ('ADA')."[35]  Plaintiff provides more specifics regarding his cause of action in his allegation that: "The defendant's refusal to make reasonable accommodation for the plaintiff's known disability constitutes discrimination against the plaintiff due to his disability in violation of ADA § 102(b)(5)(A), 42 U.S.C. § 12112(b)(5)(A).  Defendant fired Manuel Luna rather than accommodate him...in violation of ...Title I of the ADA, 42 U.S.C. §§ 12112(a), 12112(b)(5)(A), and (b)(5)(B)."[36]  Plaintiff accuses Defendant of "acting with malice or reckless indifference toward plaintiff's federally protected rights as a qualified individual with a disability...."[37]  *See also* Plaintiff's allegations defining himself and Defendant by reference to the ADA:  (1) "Plaintiff... qualifies as an individual with disabilities as defined by the ADA," (2) "Plaintiff  is a 'qualified individual with a disability' within the meaning of ADA § 101(8), 42 U.S.C. § 12111(8)," and (3) Defendant is a "person," "employer," and/or "covered entity" who is engaging in "an industry affecting commerce" all within the meaning of cited provisions of the ADA.[38]  Finally, see Plaintiff's demand for punitive damages.[39]

---

[34] R. Doc. 4-1, p. 7.
[35] R. Doc. 1-4, introductory paragraph.
[36] R. Doc. 1-4, ¶ 7.
[37] *Id*. at. ¶ 8.
[38] R. Doc. 1-4, ¶¶ 5 (d)-(h).
[39] R. Doc. 1-4, ¶ 9.

Plaintiff's argument that he merely referenced the ADA in support of state law claims must be rejected because Plaintiff does not assert any state law causes of action in his Petition. Rather, Plaintiff unequivocally asserts a cause of action under the ADA and seeks relief thereunder.[40] Therefore, Plaintiff has raised his claims under a federal law, which gives rise to federal question jurisdiction under 28 U.S.C. § 1331. Defendant properly removed Plaintiff's claims, which were pending in the Twenty-Third Judicial District Court, to this Court pursuant to 28 U.S.C. § 1441.[41]

Plaintiff also urges the Court to remand this matter out of deference to Plaintiff's choice of state court forum, which has concurrent jurisdiction over Plaintiff's claims. However, concurrent jurisdiction by the state court is not a bar to removal. "Unless…there is an express declaration by Congress to the contrary, all types of civil actions, in which there is concurrent original jurisdiction in both federal and state courts, are removable."[42] *See Mire v. DISA Global Solutions, Inc*., wherein this Court held, on analogous facts:

> Plaintiffs unequivocally allege that he is seeking recovery for "violation" of "the ADA." (Petition ¶ 14(b)). Furthermore, Plaintiffs do not limit the remedies sought to those available solely under state law. (Petition ¶ "Prayer for Relief"). Given the broad allegation in the Petition that the Defendants violated the ADA, a finding of federal question jurisdiction is proper.[43]

*See also Leaumont v. City of Alexandria*, wherein the plaintiff alleged that the "actions by the [Defendant] are a violation of LSA–R.S. 23:322 & 323 and for[sic] 42 USC § 12101, et seq., particularly § 12114."[44] That court rejected the plaintiff's argument that he did not assert a federal

---

[40] *See* 42 U.S.C. § 12188, which provides a private cause of action under the ADA.

[41] *See* 28 U.S.C. § 1441(a): "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

[42] *Mire v. DISA Global Solutions, Inc.,* No. 18-137-BAJ-RLB, 2018 WL 3245085, at *4 (M.D. La. June 11, 2018), *report and recommendation adopted*, No. 18-137-BAJ-RLB, 2018 WL 3245049 (M.D. La. July 3, 2018), *citing Baldwin v. Sears, Roebuck & Co.*, 667 F.2d 458, 460 (5th Cir. 1982).

[43] 2018 WL 3245085 at *4.

[44] No. 13-02397, 2013 WL 5426013, at *2 (W.D. La. Sept. 26, 2013), *aff'd*, 582 F. App'x 407 (5th Cir. 2014).

claim and likewise the argument that his reference to the ADA in his petition was only "because those statutes set the standards that may be applied by the State court in interpreting Louisiana's Employment Discrimination Law."[45]  The court held that it could only consider the claims in the state court petition as they existed at the time of removal; it could not consider the plaintiff's recharacterization of them as asserted in his motion to remand.  The petition, as filed, did not state that the citations to the ADA were solely for use by the state court to aid in its interpretation.[46]  Further, the plaintiff, as master of his complaint, deliberately chose to proceed under the ADA.  The court thus refused to allow the plaintiff to disavow his federal claim to defeat removal.[47]  Likewise in this case, there is no mention in Plaintiff's state court Petition that the references to the ADA are designed to aid the state court in its interpretation.  Further, as the master of his own complaint, Plaintiff chose to assert ADA violations.  *See, e.g*., Plaintiff's Petition wherein he "sues the Defendant…for attorney's fees, litigation expenses, and costs **pursuant to the Americans With Disabilities Act**, 42 U.S.C. § 12181 *et seq.* ('ADA')" (emphasis added).[48]

Given Plaintiff's express allegation in the Petition that the Defendant violated the ADA, and his prayer for recovery under the Act for such violation, the undersigned concludes that under the well-pleaded complaint rule, the Court has subject matter jurisdiction based on 28 U.S.C. §1331.

---

[45] 2013 WL 5426013, at *2.
[46] *Id*.
[47] *Id*. at *3.
[48] R. Doc. 1-4, introductory paragraph.

**IV.     Conclusion and Recommendations**

Based on the foregoing, the undersigned finds that Plaintiff's Petition asserts a federal cause of action and, therefore, federal question jurisdiction existed at the time of removal.

Accordingly,

**IT IS RECOMMENDED** that the Motion for Remand filed by Plaintiff Manuel Luna be **DENIED.**   If this Report and Recommendation is adopted, the undersigned **FURTHER RECOMMENDS** that the matter be referred to the undersigned for a scheduling conference.

Signed in Baton Rouge, Louisiana, on September 24, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**